IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| WILLIAM WATERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-3259 |
| | ) | |
| SCHWAN'S SALES ENTERPRISES, | ) | |
| INC., n/k/a, SCHWAN'S HOME | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant's First Motion for Partial Summary Judgment on Counts I and IV (d/e 28) (Motion for Partial Summary Judgment) and Plaintiff's Motion for Leave to File Amended Complaint (d/e 31).  Defendant seeks summary judgment on Counts I and IV of Plaintiff's Complaint (d/e 1), arguing that these counts are barred as outside the scope of Plaintiff's Charge of Discrimination.  Plaintiff requests permission to file an amended complaint.  For the reasons set forth below, Plaintiff's Motion for Leave to File Amended Complaint is allowed, and Defendant's Motion for Partial Summary Judgment is denied as moot.

1

The Court turns first to Plaintiff's Motion for Leave to File Amended Complaint. Defendant filed its Answer and Affirmative Defenses (d/e 2) on January 19, 2005; therefore, Plaintiff must obtain leave of court or Defendant's written consent before amending his Complaint. <u>Fed. R. Civ. P.</u> 15(a). Defendant opposes Plaintiff's request to file an amended complaint, arguing that the request is untimely, prejudicial, futile, and made in bad faith. Leave to amend a complaint should be freely granted when justice so requires. <u>Id</u>. However, even under this liberal standard, the Court need not permit amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Bethany Pharmacal Co. v. QVC, Inc.</u>, 241 F.3d 854, 860-61 (7th Cir. 2001).

In the present case, the interests of justice are served by allowing Plaintiff to file an amended complaint. Plaintiff filed his original Complaint <u>pro se</u> and appeared <u>pro se</u> at the March 2, 2005, hearing at which this Court established the scheduling order. The scheduling order set a deadline for amending pleadings of May 13, 2005. On June 2, 2005, Attorney

2

Watson entered his appearance on behalf of Plaintiff.[1] Defendant's Motion for Partial Summary Judgment was filed on August 26, 2005. Plaintiff filed his Motion for Leave to File Amended Complaint on September 1, 2005. Plaintiff asserts that his proposed Amended Complaint "cleans-up and makes more explicit the plaintiff's claims for relief and theories." Motion for Leave to File Amended Complaint, p. 3. Plaintiff's original Complaint alleged four counts, harassment (Count I), discrimination (Count II), discrimination and retaliation (Count III), and retaliatory harassment (Count IV), all under Title VII. Plaintiff's proposed amended complaint contains six counts, pled under a combination of Title VII and 42 U.S.C. § 1981. Memorandum in Support of Motion for Leave to File Amended Complaint (d/e 32), Ex. 1, Fist [sic] Amended Complaint at Law and Equity and Demand for Jury Trial (First Amended Complaint).

Although the deadline for amending pleadings passed on May 15, 2005, the Court recognizes that Attorney Watson had not yet filed his entry of appearance at that time. While it is uncertain from the record whether

---

[1] Defense counsel believes, based on contacts with Attorney Watson, that Plaintiff may have retained counsel prior to the May 13, 2005, deadline for amending pleadings; however, there is no indication as to exactly when Plaintiff's counsel was retained. Defendant's Memorandum in Opposition to Motion for Leave to File Amended Complaint (d/e 34), p. 3 n.2.

3

Plaintiff was represented by an attorney prior to the May 15, 2005, deadline, under the circumstances of this case, the Court finds that allowing Plaintiff's request to amend furthers the interests of justice and is not unduly prejudicial to Defendant. Discovery in the present case is scheduled to remain open until December 31, 2005. Dispositive motions are not due until January 31, 2006, and trial is scheduled for May 1, 2006. This is Plaintiff's first request to amend his pleadings, which were drafted pro se. Therefore, the Court, in its discretion, allows the Motion for Leave to File Amended Complaint.² While the Court is allowing Plaintiff to amend after the deadline established in the scheduling order, the Court cautions Plaintiff that the remaining deadlines set out in the scheduling order remain in place and will be enforced.

Defendant's Motion for Partial Summary Judgment seeks judgment in favor of Defendant on Counts I and IV of the original Complaint, which alleged Title VII harassment based on a "hostile work environment" theory (Count I) and retaliatory Title VII harassment again under a "hostile work

---

²The Court notes that Plaintiff's First Amended Complaint purports to incorporate by reference copies of charges of discrimination filed with the Equal Employment Opportunity Commission that were "attached to the Plaintiff's original complaint." First Amended Complaint, ¶ 6. However, the original Complaint filed with the Court has no attachments.

environment" theory (Count IV).  Defendant asserts that these Title VII claims are outside the scope of Plaintiff's EEOC charge, and as a result, Plaintiff is barred from raising them.  Plaintiff concedes this shortcoming, and does not include Title VII "hostile work environment" harassment claims in his First Amended Complaint.  <u>Response to Motion for Partial Summary Judgment (d/e 29)</u>, ¶ 2; <u>First Amended Complaint</u>.  Because Plaintiff has withdrawn the only claims challenged in Defendant's Motion for Partial Summary Judgment, the Motion is denied as moot.

THEREFORE, for the reasons set forth above, Plaintiff's Motion for Leave to File Amended Complaint (d/e 31) is ALLOWED.  Plaintiff is directed to electronically file his First Amended Complaint together with any referenced attachments. Defendant's First Motion for Partial Summary Judgment on Counts I and IV (d/e 28) is DENIED as moot.

IT IS THEREFORE SO ORDERED.

ENTER:   September 8, 2005.

       FOR THE COURT:

                                                  s/  Jeanne E. Scott
                                                  JEANNE E. SCOTT
                                UNITED STATES DISTRICT JUDGE